IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TURNER CONSTRUCTION COMPANY, *

    PLAINTIFF, *

    v. *      Civil Action No. RDB-22-888

WESTERN SURETY COMPANY, *

     *

    DEFENDANT.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Turner Construction Company ("Turner") has filed a one-count Complaint against Defendant Western Surety Company ("Western") alleging breach of contract. (Compl., ECF No. 1.) Specifically, Turner alleges that Western has failed to fulfill its obligations under a bond agreement whereby Western agreed to be held jointly and severally liable to Turner on a subcontract that was to be performed by Madison Heights Glass Company ("MHG"). Presently pending before this Court is Western's Motion to Stay Action Pending Arbitration. (ECF No. 14.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Western's Motion to Stay (ECF No. 14) is GRANTED.

### BACKGROUND

On or about July 26, 2017, Turner entered into a contract with The Johns Hopkins University Applied Physics Laboratory, whereby Turner agreed to serve as the construction manager for a project in Laurel, Maryland. (ECF No. 1 ¶ 5.) On or about April 2, 2018,

Turner entered into a subcontract with MHG, whereby MHG agreed to furnish and install windows, curtainwall and external glazing systems for the construction project. (*Id.* ¶ 6.) On or about April 18, 2018, Western, as surety, issued on behalf of MHG, as principal, a performance bond in the penal sum of $5,417,962.00, whereby MHG and Western jointly and severally bound themselves to perform all obligations of the subcontract owed to Turner. (*Id.* ¶ 8.) Turner alleges that MHG defaulted under the subcontract. (*Id.* ¶ 11.) On or about September 10, 2020, Turner notified Western that it had declared MHG in default under the subcontract and demanded that Western honor its obligations under the bond. (*Id.* ¶ 12.) Turner alleges that Western has failed to fulfill those obligations. (*Id.* ¶ 13.)

On September 15, 2020, MHG filed suit against Turner in the United States District Court for the Eastern District of Michigan. (Compl., ECF No. 14-1.) On June 22, 2021, MHG and Turner agreed to submit their disputes to non-binding mediation and then to binding arbitration. (Arbitration Agreement, ECF No. 14-2.) The arbitration hearing in that matter is scheduled for December 2022. (Arbitration Scheduling Order, ECF No. 14-5.) Western is not a party to the Arbitration Agreement. (ECF No. 14 at 5; ECF No. 17 at 2.) On April 12, 2022, while arbitration proceedings between MHG and Turner remained pending, Turner filed the instant bond action against Western in this Court. (ECF No.1.)

**STANDARD OF REVIEW**

The United States Supreme Court has long held that the "power to stay proceedings is incidental to the power inherent in every court" to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124, 127 (4th Cir.

1983) (holding that courts possess the inherent power to stay an action to ensure the "efficient management of their dockets"). When determining whether to grant a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. In determining whether to stay proceedings, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed. *See, e.g., Yearwood v. Johnson & Johnson, Inc.*, No. RDB-12-1374, 2012 U.S. Dist. LEXIS 89343, 2012 WL 2520865, at *3 (D. Md. June 27, 2012). In order to issue a stay, a court must be satisfied that a "pressing need" exists, and that "the need for a stay outweighs any possible harm to the nonmovant." *Elite Const. Team, Inc. v. Wal-Mart Stores, Inc.*, JKB-14-2358, 2015 U.S. Dist. LEXIS 25231, 2015 WL 925927, at *3 (D. Md. Mar. 2, 2015).

## ANALYSIS

In this case, all of the factors noted above weigh in favor of a stay. First, Turner makes no claim that it will suffer prejudice if this case is stayed. Second, Western has correctly noted that allowing this case to move forward parallel to the arbitration proceedings would risk subjecting Western and MHG to inconsistent findings. Third, a stay of this case will promote judicial economy by preserving the resources of this Court, the parties, and the witnesses. *See, e.g., Buas Sands Hotel, LLC v. Liberty Mut. Ins. Co.*, Civil Action No. ELH-21-1214, 2021 U.S. Dist. LEXIS 181065, at *18 (D. Md. Sep. 22, 2021) (noting that "[c]ourts in like position have reached similar conclusions"). This Court concludes,

therefore, that Western has demonstrated a pressing need for a stay of this case. Accordingly, Western's Motion to Stay (ECF No. 14) is GRANTED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 21st day of June, 2022 that Western's Motion to Stay (ECF No. 14) is GRANTED. This case shall be STAYED pending resolution of the arbitration between Turner and Madison Heights Glass Company. The parties shall submit a joint status report within 30 days of the resolution of that matter.

_____/s/_____

Richard D. Bennett
United States District Judge

4